**LEON MANUFACTURING COMPANY, INC., Appellant,**

v.

**WILSON KUBOTA, LLC; and Hon. Todd Farmer, Appellees.**

No. 2004–CA–002256–MR.

Court of Appeals of Kentucky.

Feb. 17, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

---

Thomas J. Keuler, Denton & Keuler, LLP, Paducah, KY, for appellant.

Todd A. Farmer, Stout & Farmer, Paducah, KY, for appellees.

Before TACKETT, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge.

Leon Manufacturing Company, Inc. (Leon) brings this appeal from Findings of Fact and Conclusions of Law entered by the Ballard Circuit Court on October 7, 2004, wherein the court ordered Leon to "repurchase" dozer blades from Wilson Kubota, LLC (Wilson Kubota) in the amount of $48,303.81. We reverse and remand.

The circuit court set forth the facts as follows:

2. Wilson Kubota, LLC, is a Kentucky Limited Liability Corporation doing business in Ballard County, Kentucky. Wilson Kubota was Incorporated on October 25, 1999.

3. Jim Wilson Equipment, Inc./Wilson Kubota ("Wilson Kubota") submitted a customer application to Leon. And this customer application did not refer to Wilson Kubota, LLC. Thereafter, Leon established an account for Jim Wilson, Inc., d/b/a Wilson Kubota.

4. Leon Manufacturing Company, Inc. ("Leon") is a foreign corporation whose principal offices are located in Canada. Leon manufactures and distributes farm and earth moving equipment.

5. Wilson Kubota purchased equipment from Leon in 1999 and 2000. These purchases were 2 Mini-skid Steers (tractors), and were delivered by Jim Poling Enterprises, Inc., a Leon

dealer, and two land scrapers; all of which were purchased in the Fall of 1999. Certain dozer blades and accessories were purchased on an invoice which is the subject matter of this action. . . .

And "Wilson Kubota" did have a franchise agreement as contemplated by [Kentucky Revised Statutes] KRS 365.805.

6. "Wilson Kubota" required Leon to repurchase inventory for resale totaling $65,603.00 and made demand for repurchase of other inventory on July 16, 2001, which the Defendant Leon refused.

The circuit court tried the action without a jury pursuant to Ky. R. Civ. P. (CR) 52.01. The circuit court concluded that Leon, as Wilson Kubota's franchisor, was required to repurchase the dozer blades under Kentucky Revised Statutes (KRS) 365.805. In accordance therewith, the court entered judgment against Leon in the amount of $48,303.81, plus a 5% handling fee of $2,415.19. This appeal follows.

Leon contends the circuit court committed error by concluding it had entered into a franchise agreement with Wilson Kubota and by requiring it to repurchase the dozer blades from Wilson Kubota. Under CR 52.01, the findings of fact of the circuit court shall not be set aside unless clearly erroneous, and "due regard" is given to the court's judgment upon credibility of witnesses. However, issues of law are reviewed *de novo*. *Gosney v. Glenn*, 163 S.W.3d 894 (Ky.App.2005). For the reasons hereinafter elucidated, we are of the opinion the circuit court erred by requiring Leon to repurchase the dozer blades under KRS 365.805.

At issue in this appeal is the Retail Sales of Farm Equipment Act codified in KRS 365.800–365.840. Specifically, we are concerned with KRS 365.805. The current version of KRS 365.805 became effective on April 21, 2004.[1] Because the relevant facts of this appeal occurred before April 21, 2004, our inquiry necessarily focuses upon the previous version of KRS 365.805, which became effective February 28, 1986. It reads as follows:

> Whenever any retailer enters into a franchise agreement with a wholesaler, manufacturer or distributor of inventory wherein the retailer agrees to maintain an inventory and the contract is terminated, then such wholesaler, manufacturer or distributor shall repurchase the inventory as provided in KRS 365.810 to 365.840. The retailer may keep the inventory if he desires. If the retailer has any outstanding debts to the wholesaler, manufacturer or distributor then the repurchase amount may be credited to the retailer's account.

Under KRS 365.805, a retailer, who entered into a franchise agreement with a wholesaler, manufacturer, or distributor of inventory, could require that wholesaler, manufacturer, or distributor to repurchase the inventory if the agreement was terminated. The circuit court concluded that KRS 365.805 mandated Leon to repurchase the dozer blades at issue from Wilson Kubota. Leon argues that such a decision was erroneous because no franchise agreement existed between it and Wilson Kubota. As pointed out by the parties, the Retail Sales of Farm Equipment Act does not provide a definition for the term "franchise agreement." With no definition being provided, both Leon and

---

1. Our opinion is limited to the version of Kentucky Revised Statutes (KRS) 365.805 which became effective on February 28, 1986. KRS 365.805 was later amended effective April 21, 2004, which is currently in effect.

In its amended form, the term "franchise agreement" has been deleted and the term "retail agreement contract" has been substituted.

Wilson Kubota offer varying definitions thereof.

■■■ It is well-established that interpretation and construction of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Prot. Dist.*, 140 S.W.3d 584 (Ky.App.2004). When a term has acquired a technical legal meaning, the court is to interpret that term in accordance with such meaning. *Id.*

The term "franchise agreement" is a legal term. While its exact definition may be somewhat fluid, we think there are three elements common to all franchise agreements that must be present for a contract to be considered a franchise agreement. The three elements are:

(1) A franchisor is engaged in the business of offering, selling or distributing goods or services under a marketing plan or system prescribed in substantial part by the franchisor; and

(2) The operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising or other commercial symbol designating the franchisor or its affiliate; and

(3) The franchisee is required to pay, directly or indirectly, a franchise fee.

62B Am.Jur.2d *Private Franchise Contracts* § 10 (1990). To constitute a franchise agreement under KRS 365.805, we, thus, hold the above three elements must be present.[2]

■■■ In the case at hand, Wilson Kubota asserts that *a franchise agreement did ex-* ist between it and Leon. To support same, Wilson Kubota particularly states:

> Mr. Wilson testified that he submitted a dealer application and that Leon took pictures of his facility and retail space and submitted the pictures along with his application to Leon's upper management for approval [Tape 1; 8–11–04; (14:00:43)]. Prior to any additional merchandise being received by Wilson Kubota, Brett Wilson testified that a second representative of Leon came to his facility to discuss carrying Leon equipment. Mr. Wilson also testified that he went to Canada and met with the president of Leon to discuss the development and marketing of the smaller dozer blades within the United States [Tape 1; 8–11–04; (14:05:25)]. Mr. Wilson testified that he was given a variety of marketing materials by Leon to assist him in marketing their product under a private label. Mr. Wilson testified that as an inducement to enter into this contract, it was his understanding that he would be given an exclusive territory within which he could market Leon's products [Tape 1; 8–11–04; (14:07:03)]. Wilson Kubota's relationship with Leon was not any different than it was with any of the other suppliers who repurchased their inventory.
>
> . . . .
>
> It was clear at trial from the evidence presented that the parties entered into an agreement whereby Wilson Kubota would serve as Leon's exclusive dealer in the Western Kentucky region.

Appellee's Brief at 4, 5, and 13.

From the above, it is clear that Wilson Kubota never alleged it was required to *directly or indirectly pay a franchise fee to*

---

2. We emphasis that this opinion is narrowly limited to interpreting that version of KRS 365.805, which became effective on February 28, 1986. As hereinbefore noted, KRS 365.805 was later amended effective April 21, 2004. Our opinion should not be misconstrued as passing upon the amended version of KRS 365.805.

Leon. Additionally, Wilson Kubota did not establish that operation of its business was pursuant to a plan or system associated with Leon's trademark, service mark, trade name, logo type, advertising, or other commercial symbol. As such, Wilson Kubota did not prove the existence of the second element (franchisee's business operated pursuant to a plan associated with franchisor's trademark) or the third element (direct or indirect payment of franchisee fee) necessary for a franchise agreement to have existed between the parties. Accordingly, we are of the opinion the circuit court erred as a matter of law in determining that a franchise agreement existed and concluding that Leon was required to repurchase the dozer blades under KRS 365.805.

In light of our decision on the franchise issue, we view Leon's remaining contentions as moot.

For the foregoing reasons, the Findings of Fact and Conclusions of Law of the Ballard Circuit Court are reversed and this cause remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.