Argued and submitted June 18, 1986, affirmed in part and remanded March 11, 1987

LILES et ux,
*Respondents,*

*v.*

WEDDING,
*Appellant.*

(C847108; CA A35937)

733 P2d 952

Arnold S. Polk, Lake Oswego, argued the cause for appellant. With him on the briefs was Kevin L. Hanway, Lake Oswego.

Patrick R. Foley, Harbor, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals from a judgment granting plaintiffs an implied easement across defendant's property. We modify the judgment.

In 1956, plaintiffs and defendant and her now deceased husband jointly purchased 400 acres of land in Curry County.[1] Plaintiffs moved into an existing house on the property, and defendant built a home. Both houses are on the north side of the Winchuck River, which cuts through the property. The property north of the river has direct access to a county road. In 1956, the property on the south side of the river could be reached either by fording the Winchuck River or over a private road on adjacent property which intersected an old logging road which crossed the southern portion of the parties' land.

In 1961, the parties divided the property. By warranty deed, defendant conveyed approximately 100 acres to plaintiffs, including the land north of the river on which plaintiffs' house was located and the adjacent land on the south side of the river. Defendant reserved an easement so that she could use an orchard on the land conveyed to plaintiffs.

At the same time, plaintiffs conveyed approximately 300 acres to defendant by warranty deed. The property included the house defendant had built north of the river and the rest of the property south of the river. Plaintiffs granted an easement across their property to defendant, allowing her access to the county road from defendant's house.

Plaintiffs did not reserve an easement allowing access to and use of the logging road which crossed the southern portion of defendant's property. Before 1961, the parties both used the road for hunting, tending cattle and maintaining a gravity flow water system that provided water for them. The water system, which was located on the south side of defendant's property, required a lot of service, part of which was done by Mr. Liles. After the 1961 conveyance, plaintiffs continued to use the road for two years to maintain the system. In 1971 they used the road for logging.

---

[1] References to defendant before 1977 include defendant and her husband.

In 1975, Mr. Wedding and Mr. Liles granted a "Right-Of-Way Easement Deed" to the United States for the Forest Service to construct a logging road across defendant's property.[2] The road was built in 1977. It crossed defendant's property, intersecting with the old logging road. The Forest Service road gave defendant direct access from the southern portion of her property to a public road.

In 1984, plaintiffs brought this declaratory judgment action, alleging they were entitled to an easement across defendant's property. They argued that without the easement their access to the southern portion of their property was by crossing the Winchuck River, which would require the construction of a "substantial bridge." The trial court held that plaintiffs were entitled to an easement.

■     Implied easements are not favored, and the claimant has the burden of establishing such an easement. *Cheney v. Mueller,* 259 Or 108, 485 P2d 1218 (1971). In determining whether an easement should be implied, the circumstances at the time of the conveyance of the disputed property are crucial.[3] *Jack v. Hunt et ux,* 200 Or 263, 264 P2d 461, 265 P2d 251 (1953). In *Rose et ux v. Denn et ux,* 188 Or 1, 19, 212 P 1077, 213 P 810 (1949), the court cited a number of factors from *Restatement, Property* § 476 to consider in deciding if an easement should be implied. The factors in their entirety are:

"(a)   [W]hether the claimant is the conveyor or the conveyee,

"(b)   the terms of the conveyance,

"(c)   the consideration given for it,

"(d)   whether the claim is made against a simultaneous conveyee,

"(e)   the extent of necessity of the easement to the claimant,

---

[2] Mr. Liles signed the document giving a right-of-way to the Forest Service, not because he had any ownership interest in the property, but because he was still a party to the mortgage to which both parties' land was subject.

[3] Defendant argues that the trial court erred in admitting statements made by Mr. Liles after the 1961 division of the property by the parties. We agree with defendant that the statements should not have been admitted. However, on *de novo* review of the record other than the challenged testimony, we determine that the trial court did not err in granting an implied easement.

"(f) whether reciprocal benefits result to the conveyor and the conveyee,

"(g) the manner in which the land was used prior to its conveyance, and

"(h) the extent to which the manner of prior use was or might have been known to the parties."

However, those factors do not have fixed values, *see Cheney v. Mueller, supra,* 259 Or at 113, but merely aid in determining the intention of the parties. *Dressler et al v. Isaacs et al,* 217 Or 586, 598, 343 P2d 714 (1959). The purpose in considering the factors, as stated in *Dressler,* 217 Or at 597, is to determine whether

"had the grantor put his mind to the matter he would have intended the servitude to be created."

■■ We conclude that the trial court's holding that an easement should be implied was correct. There are factors in this case which weigh against the implication: the express language of the conveyance warranting against encumbrances and the execution of other easements at the time of the conveyance. In addition, defendant argues that plaintiffs have not shown the requisite degree of necessity at the time of the conveyance. Defendant points out that, during the period preceding the conveyance, "at least half the time" plaintiffs reached the southern portion of their property by fording the river; but it is also clear that at times fording the river was impossible because of flooding. At those times access across the river was not possible, even by boat. Defendant argues, however, that in the past plaintiffs had constructed a temporary bridge and that they could now construct a permanent bridge. However, plaintiffs are not required to show an absolute necessity for an implied easement. As the court held in *Jack v. Hunt et ux, supra,* 200 Or at 269:

"We are of the opinion that in matters of this kind the rule should be less strict than that of absolute and indispensable necessity. However, such a rule of reasonable necessity should not be grounded in mere convenience, but rather in the necessity appearing from the apparent purpose, the adaptability, and the known use to which the property is to be put. This so that the court may say that the parties as reasonable men contemplated and duly considered the continued use of the quasi easement claimed as necessary to a reasonable enjoyment of the dominant estate at the time of conveyance."

We believe that plaintiffs had a reasonable necessity for the easement at the time of the conveyance and that, had plaintiffs put their minds to this matter at the time of the conveyance, they would have intended the easement to be created.

■      We do agree with defendant that the court erred in failing to limit the use of the easement. It is assumed that the parties contemplated not only the present uses, but a normal development of the use of the property. *Adams v. Crook,* 43 Or App 427, 432, 602 P2d 1143 (1979). As explained in *Restatement, Property,* § 484, *comment b:*

"The extent of an easement created by implication is to be inferred from the circumstances which exist at the time of the conveyance and give rise to the implication. Among these circumstances is the use which is being made of the dominant tenement at that time. Yet it does not follow that the use authorized is to be limited to such a use as was required by the dominant tenement at that time. It is to be measured rather by such uses as the parties might reasonably have expected from future uses of the dominant tenement. What the parties might reasonably have expected is to be ascertained from the circumstances existing at the time of the conveyance. It is to be assumed that they anticipated such uses as might reasonably be required by a normal development of the dominant tenement. It is not to be assumed, however, that they anticipated an abnormal development. Hence, the scope of an easement created by implication does not extend to uses required by such development."

The parties' use of the road at the time of the conveyance was limited to agricultural, forestry and personal use. The implied easement should be limited to those uses.

Affirmed as to award of implied easement; remanded for determination of terms of easement consistent with this opinion.[4]

---

[4] Defendant failed to preserve any alleged error with regard to the court's alleged failure to consider any damages for a breach of warranty.