Argued and submitted April 19, vacated and remanded August 10, 2016

Stephen G. DAYTON;
and Carolyn Laverne Dayton,
*Plaintiffs,*

*v.*

Randy JORDAN;
and Sun Buggy Fun Rentals, Inc.,
*Defendants.*

Randy JORDAN;
and Sun Buggy Fun Rentals, Inc.,
*Counterclaim Plaintiffs-Appellants,*

*v.*

Stephen G. DAYTON;
and Carolyn Laverne Dayton,
*Counterclaim Defendants-Respondents.*

Coos County Circuit Court
14CV1087; A159664

381 P3d 1041

Cynthia Lynnae Beaman, Judge.

William A. McDaniel argued the cause and filed the briefs for appellants.

Roger Gould argued the cause and filed the brief for respondents.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

This case arises from the same quiet title action underlying our opinion in *Dayton v. Jordan*, 279 Or App 737, 381 P3d 1031 (2016) (*Dayton I*), and involves the parties' competing interests in a road that runs through Stephen Dayton and Carolyn Dayton's (plaintiffs) property and provides access to the Oregon Dunes. In Randy Jordan and Sun Buggy Fun Rentals, Inc.'s (defendants) second counterclaim, the only claim at issue in this appeal, defendants sought a declaration that they have an easement "implied from prior use" over the disputed road and sought to enjoin plaintiffs from interfering with their use of that road. At the conclusion of a trial to the court, plaintiffs moved, under ORCP 54 B(2), for a judgment of involuntary dismissal regarding that counterclaim. They argued that defendants had failed to produce any evidence that the prior use of defendants' parcel included or necessitated any use of the disputed road, and that, therefore, defendants could not establish an implied easement in the road. The court accepted that argument and entered a limited judgment dismissing the "implied from prior use" counterclaim with prejudice. Defendants appeal that judgment and assign error to the court's ruling on plaintiffs' motion. We conclude that the trial court's reasoning rested on an incorrect legal premise—that defendants were required to produce evidence regarding the prior use of their property in order to establish an implied easement—and that, therefore, the court erred in granting plaintiffs' motion for judgment of dismissal. Accordingly, we vacate the judgment and remand.

Our resolution of this appeal turns solely on an issue of law. However, for context, we begin with an overview of the underlying dispute, which we take from our opinion in *Dayton I*:

"Plaintiffs and defendants operate competing all-terrain vehicle (ATV) rental businesses on adjoining parcels near the Oregon Dunes National Recreation Area. Plaintiffs' parcel is immediately north of defendants' parcel; the southern boundary of plaintiffs' parcel is the northern boundary of defendants' parcel. A road—the point of conflict in this appeal—runs east to west through plaintiffs' parcel along that boundary. That disputed road connects with Highway

101 to the east and the dunes to the west; it provides the only direct access from either parcel to the dunes."

279 Or App at 739.

"Previously, both parcels—and the disputed road—were part of a larger, undivided parcel owned by Pacific Coast Recreation RV, Inc. (Pacific Coast)." *Id.* Over time, Pacific Coast made various partitions of its property, including a partition in 1999, which created Tax Lot (TL) 606, which is now defendants' parcel. *Id.* at 740. Pacific Coast conveyed that property to defendants' predecessor, Endicott, in 2004. *Id.* "At the time that Pacific Coast sold TL 606 to Endicott in 2004, plaintiffs' parcel had not yet been created, and Pacific Coast still owned both the disputed road and the property to the north of TL 606." *Id.* at 740-41. Subsequently, defendants acquired their parcel from Endicott, and Pacific Coast partitioned what is now plaintiffs' parcel and conveyed it to plaintiffs. *Id.*

"This litigation arose out of the parties' competing interests in using the disputed road for their respective ATV rental businesses. Plaintiffs filed a complaint seeking to quiet title as to any adverse claims by defendants and to enjoin defendants from using the disputed road. Defendants' answer raised two counterclaims, each seeking a declaration recognizing an easement for their benefit over the road. Defendants' first counterclaim, the subject of [*Dayton I*], alleged that the easement over the disputed road was 'implied from reference to' the 1999 plat. Their second counterclaim, the subject of the appeal in [this case], alleged that the easement over the disputed road was 'implied from prior use.'"

*Id.* at 741.

The trial court granted summary judgment for defendants on their first counterclaim, because it concluded that defendants had established an easement "implied from reference to a plat" in the disputed road. *Id.* at 742-43. Plaintiffs appealed that judgment and assigned error to the trial court's summary judgment ruling. *See id.* at 743.

While the *Dayton I* appeal was pending, the parties proceeded to trial on the remaining issues in this litigation, including defendants' second counterclaim alleging

an "easement implied from prior use." Defendants presented evidence in various forms supporting that counterclaim and argued that the trial court was required to look at a number of factors to determine whether they had established an implied easement.[1] In defendants' view, the ultimate question for the court was whether their predecessor Endicott would reasonably have expected to receive an easement over the road when he acquired defendants' property in 2004. Notably, however, defendants did not produce any evidence regarding the use of their property before that time. At the close of evidence, plaintiffs moved for a judgment of dismissal under ORCP 54 B(2).[2] In support of that motion, plaintiffs argued that the prior use of defendants' property was a necessary element of defendants' "implied from prior use" counterclaim. In plaintiffs' view, therefore, defendants' failure to produce such evidence was fatal to that claim.

The trial court accepted plaintiffs' argument and concluded that the absence of evidence regarding the prior use of defendants' property foreclosed their second counterclaim. As the trial judge explained:

> "I didn't find that there is any evidence to show the * * * prior use of the easement for the [defendants' property]. * * * [T]he evidence shows to me * * * that the manner in which * * * [defendants' property] was used * * *, at any time [that] it was used other than just sitting there, was for the mining of the sand and not for the use * * * that would require the use of the easement. * * * So, I * * * grant [plaintiffs'] motion for * * * dismissal on the second counterclaim."

---

[1] We identify some specific aspects of that evidence later in this opinion. *See* 280 Or App at 245.

[2] ORCP 54 B(2) provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

In turn, ORCP 54 C clarifies that that rule also applies to a motion for judgment of dismissal of a counterclaim.

Accordingly, the trial court entered a limited judgment dismissing defendants' second counterclaim with prejudice. Defendants now appeal that limited judgment and assign error to the trial court's ruling.

We review the trial court's legal conclusion—that defendants could not establish an implied easement without proving how their property had been used before the 2004 conveyance—for errors of law. *Case v. Burton*, 250 Or App 14, 17, 279 P3d 259 (2012). According to defendants, the court erred in dismissing their counterclaim, because proof of prior use is not essential to an implied easement claim. Plaintiffs, on the other hand, argue that the court properly viewed prior use—or the lack of any evidence thereof—as dispositive. Because, contrary to the trial court's apparent understanding, the absence of such proof is not dispositive in implied easement cases, we agree with defendants that the trial court misapplied the law.

The trial court properly acknowledged that an implied easement may arise when a property owner severs a piece of property—that is, "[w]hen land in one ownership is divided into separately owned parts by a conveyance." *Manusos v. Skeels*, 263 Or App 721, 723, 330 P3d 53 (2014) (internal quotation marks omitted). As we have often explained, "an implied easement is created 'when the circumstances that exist at the time of severance of a parcel establish that the grantor of the parcel intended to create an easement.'" *Id.* (quoting *Bloomfield v. Weakland*, 193 Or App 784, 795, 92 P3d 749 (2004), *aff'd on other grounds*, 339 Or 504, 123 P3d 275 (2005)). "Such an easement arises as an inference of the intention of the parties to a conveyance of land based on the circumstances existing at the time of the conveyance, and must be established by clear and convincing evidence[.]" *Eagles Five, LLC v. Lawton*, 250 Or App 413, 424, 280 P3d 1017 (2012) (internal citations omitted). And, though not recognized by the trial court in this case, many factors may inform that inference, with "the essential question [being] whether a reasonable purchaser would be justified in expecting the easement under the circumstances in which he or she purchased the land." *Garrett v. Mueller*, 144 Or App 330, 341, 927 P2d 612 (1996), *rev den*, 324 Or 560 (1997).

As we explained in *Dayton I*, the Supreme Court considers eight factors "important" in determining the existence of an implied easement. 279 Or App at 744-45; *see also Cheney v. Mueller*, 259 Or 108, 118-19, 485 P2d 1218 (1971) (citing *Restatement (First) of Property* § 476 (1944)). Those so-called "*Cheney* factors" "'are variables rather than absolutes and [n]one can be given a fixed value.'" *Eagles Five, LLC*, 250 Or App at 424 (quoting *Cheney*, 259 Or at 119; modification in *Eagles Five, LLC*). The *Cheney* factors are: (1) whether the claimant is the conveyor or the conveyee; (2) the terms of the conveyance; (3) the consideration given for it; (4) whether the claim is made against a simultaneous conveyee; (5) the extent of necessity of the easement to the claimant; (6) whether reciprocal benefits result to the conveyor and the conveyee; (7) the manner in which the land was used prior to its conveyance; and (8) the extent to which the manner of prior use was or might have been known to the parties. 259 Or at 118-19. Thus, the last two factors look to "prior use" as evidence of intent to create an implied easement.[3] *See id.*

Although prior use is prominent among those "important" considerations, *id.* at 118-19, evidence of prior use "cannot of itself establish an easement," *id.* at 120. Evidence of prior use may, however, strongly support an implied easement claim, because prior use consistent with a claim provides a firm basis from which to infer intent. In that regard, the characterization of some easements as being "implied from prior use" does not connote a unique category of implied easements; rather, that characterization recognizes that, in some cases, prior use is the most compelling evidence that the parties intended to create an easement. *See, e.g., Garrett*, 144 Or App at 341 (finding implied easement for water access, in large part, because servient estate had openly provided water to dominant estate for 50 years); *see also Restatement (Third) of Property (Servitudes)*

---

[3] Where "prior use" evidence is relevant, it may include evidence of both prior use of the easement itself and prior use of the properties benefitted and burdened by the easement. *See Cheney*, 259 Or at 120-21 (looking to prior use of easement); *Liles v. Wedding*, 84 Or App 350, 355, 733 P2d 952 (1987) (looking to prior agricultural, forestry, and personal uses of the properties benefitted and burdened by the easement).

§ 2.11(b) (2000) (explaining that term "easement implied by prior use" describes one set of "[p]articular circumstances that commonly give rise to the establishment of" an implied easement). Thus, in this case, as in any other implied easement case, the trial court was required to consider evidence—if offered—of each of the *Cheney* factors, and no one factor, including prior use, could be dispositive. *See Dayton I*, 279 Or App at 745-46, 754-55; *Eagles Five, LLC*, 250 Or App at 424.

Despite that obligation, the trial court in this case mistakenly focused on the parties' evidence of prior use to the exclusion of other available evidence of intent. As noted above, the court deemed it dispositive that defendants had produced no evidence that, before 2004, either the disputed road had been used to benefit their property, or their property had been used for a purpose that would require the use of the disputed road. In reaching that conclusion, the court erroneously adopted plaintiffs' argument that proof of prior use was essential to defendants' claim. And, for the reasons that follow, the trial court's ultimate ruling, based, as it was, on that incorrect premise, also was erroneous.

On appeal, the parties express some disagreement as to what standard the trial court applied in evaluating plaintiffs' ORCP 54 B(2) motion. Under that rule, a court may grant a motion for judgment of dismissal "on *either* of two grounds: (1) The [claimant] has failed to present a *prima facie* case (the 'directed verdict' standard); *or* (2) even if the [claimant] has presented a *prima facie* case, the court, as trier of fact, is unpersuaded by the [claimant's] evidence." *Venture Properties, Inc. v. Parker*, 223 Or App 321, 336, 195 P3d 470 (2008) (emphases in original). Defendants contend that the court applied the "directed verdict" standard and concluded, erroneously, that, because defendants had not produced evidence of prior use, they had not presented a *prima facie* case.[4] Plaintiffs, on the other hand, appear to contend that the court applied the second standard under

---

[4] Defendants suggest that, to the extent that we conclude that the trial court weighed the evidence and concluded that they had not proved their claim, we should exercise our discretion to review this case *de novo* on the record. We decline that suggestion.

ORCP 54 B(2) and evaluated defendants' claim on its merits. In their view, the trial court weighed all of the evidence, but was not persuaded that defendants had established, by clear and convincing evidence, that an implied easement existed.

Despite our review of the record, we are unable to determine which approach the trial court adopted.[5] Ultimately, however, it is unnecessary to make that determination. As we will explain, whether the court applied the directed verdict standard or weighed the evidence, its ruling followed from the erroneous premise that defendants could not prevail on their implied easement claim unless they produced persuasive evidence of prior use. By treating prior use as an essential element in an implied easement claim, rather than as one factor among many for the court to consider in evaluating that claim, the trial court relied on a mistaken view of the law.

First, to the extent that the trial court applied the directed verdict standard, the court evidently believed that defendants were required to produce at least some evidence of the seventh or eighth *Cheney* factors. The court explained: "I didn't find that there is any evidence to show the * * * prior use of the easement for the [benefit of defendants' parcel]." The court further explained that it had not seen any evidence that defendants' parcel had been used in any way "that would require the use of the easement." As a result, the court concluded that defendants' evidence was insufficient to support the second counterclaim as a matter of law.

By resting that decision solely on the absence of evidence regarding one or two of the *Cheney* factors—specifically, the lack of proof that the use of defendants' parcel included or necessitated the use of the claimed easement—the trial

---

[5] As noted above, plaintiffs moved for the involuntary dismissal of defendants' second counterclaim at the close of all evidence. In response, defendants argued that they were required only to make out a *prima facie* case to avoid dismissal. Plaintiffs, on the other hand, noted that, having reached the end of the trial, the trial court would have to apply the clear and convincing evidence standard of proof at that time, if ever, as no further evidence or arguments were anticipated. The trial court discussed both defendants' *prima facie* showing and the clear and convincing standard of proof in its ruling, and then proceeded to grant what it characterized as plaintiffs' motion for a directed verdict and dismissal.

court erred. As we have explained, in evaluating implied easement claims, no one factor has controlling effect; if a claimant produces other relevant evidence in support of an implied easement claim, the court must consider it. 280 Or App at 242-43; *see also Dayton I*, 279 Or App at 754-55; *Eagles Five, LLC*, 250 Or App at 424. Here, defendants presented other evidence that could support the inference that Pacific Coast had intended to create an easement in the disputed road to benefit defendants' parcel. For example, defendants produced evidence that the disputed road provided the only direct access to another easement that benefited their parcel; Pacific Coast had expressly conditioned the sale of defendants' parcel to defendants' predecessor on an agreement not to use the property for ATV rentals (which would necessitate the use of the claimed easement) for only a limited period of time; and the property adjoining defendants' parcel to the west required the use of the disputed road for access to a public roadway. By failing to consider whether such evidence could establish even a *prima facie* implied easement claim, the trial court erred in dismissing defendants' claim. *See Garrett*, 144 Or App at 341 (prior use is one factor among many relevant to an implied easement claim); *see also Venture Properties, Inc.*, 223 Or App at 336 (stating directed verdict standard under ORCP 54 B(2)).

Similarly, the trial court erred even if it evaluated defendants' claim on its merits and concluded that the evidence was not sufficiently persuasive to satisfy the applicable clear and convincing standard. The record reflects the court's understanding that that standard applied, generally, but the record is unclear as to whether, in fact, the court applied it. We can infer from the court's ultimate ruling, however, that if the court did apply that standard, it concluded that defendants' evidence of an implied easement claim was not clear and convincing specifically because it did not include evidence of prior use. In other words, even though the record included other evidence in support of defendants' claim—including those items listed above—the court evidently disregarded that evidence and gave controlling effect to the prior use factor.[6] In concluding that

---

[6] As plaintiffs correctly note, the trial court was not required to explicitly address each of the *Cheney* factors, in determining whether an implied easement

defendants' failure to produce prior use evidence necessarily meant that they could not prove the implied easement claim by clear and convincing evidence, the trial court erred. *See, e.g., Eagles Five, LLC,* 250 Or App at 424-25 (illustrating trial court's obligation to consider all relevant evidence in evaluating an implied easement claim).

Furthermore, we are not persuaded by plaintiffs' alternative argument that the trial court appropriately considered only the prior use theory that defendants specifically alleged in their second counterclaim, rather than some broader implied easement theory that they did not allege. As plaintiffs frame that argument, defendants "chose to rely on 'prior use,' so they have to prove 'prior use.'" For support, plaintiffs cite *Fischer v. Walker,* where we upheld the denial, in summary judgment proceedings, of the plaintiff's implied easement claim, because the plaintiff had "failed to plead facts necessary for relief on such a theory." 246 Or App 589, 598-99, 266 P3d 178 (2011). That decision, however, has no bearing on this case.

In *Fischer,* the plaintiff had alleged an express, rather than implied, easement. *Id.* at 593. As part of that claim, the complaint alleged that a private roadway had historically crossed the defendant's property and that the plaintiff had used that roadway to access her own property after acquiring it. *Id.* at 598. In concluding that the complaint failed to allege sufficient facts to support an *implied* easement claim, we noted that the plaintiff had not alleged facts related to certain *Cheney* factors, including necessity and the extent to which prior use was apparent to the claimant at the time that she acquired the property. *Id.* at 599. Further, we reasoned that, even though the plaintiff had introduced evidence of those factors during the summary judgment proceeding, neither the trial court nor the Court of Appeals was required to treat the complaint as having been implicitly amended to conform to the evidence

---

existed. *Eagles Five, LLC,* 250 Or App at 424 n 6; *see, e.g., Cheney,* 259 Or at 118-23 (identifying eight relevant factors but applying only four as "controlling" in that case). However, in light of the specific manner in which the trial court discussed prior use—and only prior use—in its oral ruling, we are not persuaded by plaintiffs' argument that the court implicitly considered defendants' other evidence but simply found it insufficient to satisfy defendants' burden of proof.

presented. *See id.* (citing *Weihl v. Asbestos Corporation, Ltd,* 204 Or App 255, 268-69, 129 P3d 748, *rev den,* 342 Or 254 (2006) (where trial court implicitly or explicitly rejects invitation to go beyond scope of pleadings at summary judgment stage, appellate court will not treat pleadings as implicitly amended to conform to the evidence)).

Here, in contrast, when the trial court ruled on plaintiffs' motion for judgment of dismissal, the court's assessment was not constrained by defendants' pleading. Rather, the court was required to consider whether the evidence that it had received supported the claim that the parties had litigated. *See* ORCP 23 B ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Whinston v. Kaiser Foundation Hospital,* 309 Or 350, 355, 788 P2d 428 (1990) ("ORCP 23B provides that failure to amend 'does not affect the result of the trial.' Thus, a pleading for all practical and legal purposes is automatically amended whenever an issue not raised by the pleading is tried by consent." (Footnotes omitted.)). Plaintiffs did not question whether defendants' allegation of an easement "implied from prior use" stated a claim, and the parties and trial court both proceeded through trial with the apparent understanding that it did state a claim. Having allowed defendants to present evidence in support of that claim, the trial court could not then limit its consideration just to evidence that might show prior use.

In sum, evidence of prior use is highly relevant, but not essential, to an implied easement claim. The trial court erroneously concluded otherwise. As a result, the trial court erred in granting plaintiffs' motion for judgment of dismissal on that ground.

Vacated and remanded.