Argued and submitted January 4, 2019, affirmed February 12, petition for review denied May 21, 2020 (366 or 492)

Stephen G. DAYTON
and Carolyn LaVerne Dayton,
*Plaintiffs-Appellants,*

*v.*

Randy JORDAN
and Sun Buggy Fun Rentals, Inc.,
*Defendants-Respondents.*

Coos County Circuit Court
14CV1087; A166490

460 P3d 525

Plaintiffs appeal from a judgment determining that defendants have an implied easement over a road on plaintiffs' property. The trial court based its determination in part on a plat map on which the disputed road appears. Plaintiffs argue that the trial court erred in rejecting their contention that the easement is foreclosed by ORS 92.075, which requires that any easement created by a plat be stated by the declarant in a signed declaration. The plat on which the trial court relied does not include a declaration of an easement. In the absence of such a declaration, plaintiff contends, the plat cannot support the existence of an easement. *Held*: ORS 92.075 sets forth the legal requirements for establishing a plat, but does not foreclose the existence of an implied easement. In determining whether an implied easement exists, a court is not precluded from considering a plat that does not include the required declaration. The trial court correctly considered the plat among the factors that led to its conclusion that defendants have an implied easement over the disputed road.

Affirmed.

Paula M. Bechtold, Judge.

George W. Kelly argued the cause and filed the briefs for appellants.

William McDaniel argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

This is the third appeal in a dispute over defendants' use of a road over plaintiffs' property for access to the Oregon Dunes National Recreation Area in conjunction with defendants' business renting all-terrain vehicles (ATV) for recreational use. Plaintiffs appeal from a judgment determining that defendants have an implied easement over the disputed road, arguing that the trial court erred in rejecting plaintiffs' contention that the easement is foreclosed by ORS 92.075,[1] which requires that any easement created by a plat be stated by the declarant in a signed declaration. The appeal presents a question of statutory construction, which we review for errors of law. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (questions of statutory construction reviewed for errors of law, first examining the text and context of the statute and any useful legislative history to determine the legislature's intent). We conclude that the trial court did not err and therefore affirm.

The underlying facts have been described in two previous opinions, *Dayton v. Jordan*, 280 Or App 236, 381 P3d 1041 (2016) (*Dayton II*); *Dayton v. Jordan*, 279 Or App 737, 381 P3d 1031 (2016) (*Dayton I*), and the trial court also made findings, which we summarize here. Plaintiffs and defendants own adjacent properties in Coos County at the Oregon coast, to the west of Highway 101 and to the east of the Oregon Dunes National Recreational Area.[2] On their properties, they operate businesses renting ATVs for recreational use on the sand dunes.

Plaintiffs' and defendants' adjacent properties were once part of a larger common ownership of Pacific Coast Recreation RV, Inc. Pacific Coast operated an ATV rental

---

[1] ORS 92.075 provides, in pertinent part:

"(1) In order to subdivide or partition any property, the declarant shall include on the face of the subdivision or partition plat, if a partition plat is required, a declaration, taken before a notary public or other person authorized by law to administer oaths, stating that the declarant has caused the subdivision or partition plat to be prepared and the property subdivided or partitioned in accordance with the provisions of this chapter. Any dedication of land to public purposes or any public or private easements created, or any other restriction made, shall be stated in the declaration."

[2] A map of the properties is included as an appendix to this opinion.

business on the portion of its property that is now owned by plaintiffs. In 1990, Pacific Coast acquired an easement appurtenant to all of its property over land to the west owned by Coos Bay Lumber, for recreational access to the dunes. The disputed road, which runs in an easterly-westerly direction along what is now the southern boundary of plaintiffs' property, connects the Coos Bay Lumber easement to Highway 101. Defendants' only *direct* access from their property to the Coos Bay Lumber easement and the dunes is over the disputed road.[3]

Pacific Coast first partitioned its property in 1997, creating Parcel 603, to the south of the disputed road, toward the dunes and south and west of the parties' properties. Parcel 603 had access to the dunes and Highway 101 only over the disputed road, but the partition plat did not describe an easement over the disputed road. Plaintiffs concede that Parcel 603 has an easement over the disputed road.

Pacific Coast made another partition in 1999, creating two more parcels to the south of the disputed road— Parcel 606, which now belongs to defendants, and Parcel 607, immediately to the west of Parcel 606, which would have been landlocked without an easement over the disputed road. At that time, plaintiffs' parcel, to the north of the newly created parcels, remained part of Pacific Coast's larger undivided property. On a "Notice of Tentative Plat Approval" for the 1999 plat, the Coos County Planning Department included this requirement:

> "Because there is an existing private road to be used as access to the proposed parcels the subject parcels must enjoy non-exclusive easements covering the entire existing private road being used to access the property being divided."

As part of the 1999 partition, Pacific Coast entered into an agreement with Coos County "To Maintain Right of Way and Hold Coos County Harmless," which bound Pacific Coast and its successors to maintain the disputed road. Plaintiffs concede that Parcel 607 has an easement over the disputed

---

[3] Defendants can drive approximately one mile on Highway 101 to a different access point.

road; but they dispute that Parcel 606, now owned by defendants and created by the same partition, has an easement for use of the disputed road.

In 2004, defendants' immediate predecessor, Endicott, acquired Parcel 606 from Pacific Coast. The deed described the property by reference to the 1999 plat. At the time of sale, Endicott agreed that it would not engage in the business of recreational or ATV rentals for a period of 10 years.

In 2005, Pacific Coast further partitioned its property, creating plaintiffs' parcel, Parcel 600, and two other parcels. The 2005 partition plat depicts the disputed road running on and forming the southern boundary of Parcel 600. The plat also expressly grants easements over the road to the three newly created parcels, for ingress and egress to the sand dunes. In 2008, plaintiffs acquired Parcel 600 and Pacific Coast's ATV rental business.

In 2014, defendants acquired Parcel 606 from Endicott. The 10-year restriction on the use of the property for recreational or ATV rentals had expired, and defendants sought to develop the parcel for their ATV rental business. Plaintiffs brought this quiet title action, seeking to prohibit defendants' use of the disputed road for access to the dunes. Defendants responded with counterclaims seeking to establish an implied easement to use the disputed road.

Our two prior opinions have described the analysis for determining the existence of an implied easement. On remand from *Dayton II*, the trial court applied that analysis, going through the factors described in *Cheney v. Mueller*, 259 Or 108, 118-19, 485 P2d 1218 (1971), for determining the existence of an implied easement, and concluded that the evidence established that defendants have an implied easement for use of the disputed road. In its letter opinion, the trial court described the factors that it viewed as supporting a strong inference that Pacific Coast intended that the properties subject to partition could use the disputed road: (1) The disputed road preexisted all of the partitions, and all of the parcels other than plaintiffs' and defendants' (which abut Highway 101) would have been landlocked without access to the disputed road; (2) The terms of Pacific Coast's conveyance to defendants were by reference to the 1999 plat,

which showed the disputed road as the northern boundary of Parcel 606; and (3) The county's tentative approval of the 1999 partition required that the proposed parcels (including Parcel 606) "enjoy non-exclusive easements covering the entire existing private road."

The trial court found that the primary attraction for all of the lots created by the partitions was access to the dunes. The court also mentioned evidence of the sums paid by Endicott and defendants for Parcel 606, which the court considered significant enough to include direct access to the sand dunes over the disputed road. And the court noted that Pacific Coast's acquisition of the Coos Bay Lumber appurtenant easement, which extended to all future owners of the Pacific Coast property, would have been superfluous without access to the disputed road.

Summarizing its conclusion that defendants had an implied easement, the court explained:

> "The essence of plaintiffs' position is that of all the property formerly owned by Pacific Coast, it is *only* defendants' property which does not have an easement to use the road. However, defendants are not excluded from the Coos Bay Lumber easement for access to the dunes nor from the obligation to maintain the contested road nor from the county requirements at the time of plat approval for access though a non-exclusive easement. There is simply no evidence to support a finding that Pacific Coast specifically intended to treat defendants' property differently than all of the others."

(Emphasis in original.)

In reaching its conclusion, the trial court rejected plaintiffs' contention that, under ORS 92.075, a declaration is conclusive, and an easement cannot be implied from a plat that does not include an easement declaration. The court explained that, as a statute that relates to the creation of express easements by plat, ORS 92.075 does not bear on the court's determination of the implied easement in this case.

On appeal, plaintiffs raise three assignments. We write to address only their contention that the trial court erred in concluding that ORS 92.075 does not bear

on the determination whether defendants have an implied easement.

ORS 92.075(1) provides that, in order to partition a property, the owner must make a declaration stating that the declarant has caused the plat to be prepared in accordance with ORS chapter 92.[4] ORS 92.075(1) further states that "any public or private easement created * * * shall be stated in the declaration." Plaintiffs contend that the effect of that provision is that any easement based on a plat must be express, and that no easement may be implied from a plat. The 1999 plat contains a declaration by the owners of the property declaring their intention to make a plat. It also states that, as a condition for approval of the plat, the owners agree to hold Coos County harmless "for any damage * * * as a result of the undersigned's failure to build, improve or maintain roads in this proposed land division." But the declaration does not contain a statement that it creates an easement. By inference, plaintiffs contend, having failed to make an express declaration of an easement, the owners must be deemed not to have intended to create an easement for Parcel 606. Thus, plaintiffs contend, the plat could not support the existence of an implied easement, and the trial court therefore erred in considering the plat. The court further erred, plaintiffs contend, in failing to consider the absence of a declaration as evidence that no easement was intended.

We reject plaintiffs' contention that the trial court erred. As an initial matter, we note that plaintiffs' position—that a plat lacking a declaration of an easement cannot be evidence of an implied easement—is inconsistent with plaintiffs' acknowledgment that Parcels 603 and 607 have an easement over the disputed road, despite the absence of a declaration of easement.

Additionally, we conclude that the text of ORS 92.075 is not susceptible to plaintiffs' construction of it. The statute sets forth the legal requirements for establishing a plat; it does not foreclose the existence of an implied

---

[4] ORS chapter 92 governs subdivisions and partitions. As defined in ORS 92.010, a "declaration" is "the instrument described in ORS 92.075 by which a subdivision or partition plat was created."

easement. Thus, we agree with the trial court's rejection of plaintiffs' contention that the statute provides the exclusive means of creating an easement. Certainly, the absence of the required declaration could be evidence that no easement exists. And the existence of a declaration describing an easement could establish the existence of an easement. But a court is not precluded from considering a plat that does not include the required declaration in determining *whether* an implied easement exists. In fact, the plat is among the evidence that a court *should* consider in determining whether an implied easement is created. *See Dayton I*, 279 Or App at 752 (a plat not conclusive but is among the evidence to be considered in determining whether the creator in fact intended an implied interest). Finally, we reject plaintiffs' contention that the trial court did not consider it relevant that the plat does not contain a declaration of an easement. Contrary to plaintiffs' contention, the trial court's thorough letter opinion shows that the court correctly considered the plat among the factors that led to its conclusion that defendants have an implied easement over the disputed road.

Affirmed.

APPENDIX

