No. 171				March 13, 2024				477

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH JEARL HERIMAN,
*Defendant-Appellant.*

Polk County Circuit Court
20CR28691; A177517

Monte S. Campbell, Judge.

Argued and submitted November 13, 2023.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Hadlock, Judge Pro Tempore.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for unlawful use of a weapon with a firearm enhancement, ORS 166.220, menacing, ORS 163.190, and recklessly endangering another person, ORS 163.195. In a single assignment of error, defendant argues that the trial court erred when it denied his request for a consultation with a community mental health program director under ORS 161.365(1) (2019), *amended by* Or Laws 2021, ch 395, § 6, *amended by* Or Laws 2023, ch 281, § 43.[1] We affirm.

This case requires us to address the interplay of three statutes, ORS 161.360 (2017), ORS 161.365 (2019), and ORS 161.370 (2019). Together, those statutes outline the procedures for a court to follow when a defendant's fitness to proceed has been brought into question. We begin with a description of those statutes to better put the factual background of this case in context.

ORS 161.360 provides that if a trial court has "reason to doubt" a defendant's fitness to proceed by reason of incapacity, the court "may order an examination in the manner provided in ORS 161.365." A court may find a defendant incapacitated if they have a "qualifying mental disorder" and the defendant is unable to understand the nature of the proceedings, assist and cooperate with counsel, or participate in their defense. ORS 161.360(2).

ORS 161.365, in turn, describes the process by which such an examination takes place. It also, as particularly relevant here, sets forth a process by which a court

_____

[1] The three statutes governing the process for determining a defendant's fitness to proceed by reason of incapacity have been amended since the trial court issued its May 2021 ruling that defendant challenges on appeal. *See* ORS 161.360 (2017), *amended by* Or Laws 2021, ch 97, § 16; ORS 161.365 (2019), *amended by* Or Laws 2021, ch 395, § 6, *amended by* Or Laws 2023, ch 281, § 43; ORS 161.370 (2019), *amended by* Or Laws 2021, ch 395, § 7, *amended by* Or Laws 2023, ch 227, § 2. Yet both parties cite to the versions of the statutes that were in effect at the time that they filed their briefs. We analyze the question on appeal under the versions of the statutes that were in effect at the time of the trial court's ruling in May 2021, and all subsequent references are to those versions of the statutes. *See Barnes v. City of Portland*, 120 Or App 24, 27, 852 P2d 265 (1993) ("[U]nless the legislature expressly provides that a statute applies retroactively, the general rule is that the rights and liabilities of a person who is affected by an event are defined and measured by the statutes in effect at the time of the event.").

must order a community mental health consultation. ORS 161.365(1) provides that

"[w]hen the court has reason to doubt the defendant's fitness to proceed by reason of incapacity as described in ORS 161.360, the court may call any witness to its assistance in reaching its decision and shall order that a community mental health program director or the director's designee consult with the defendant to determine whether services and supervision necessary to safely restore the defendant's fitness to proceed are available in the community."

ORS 161.365(1) further states that, if the court "determines the assistance of a psychiatrist or psychologist would be helpful, the court may" order that a certified evaluator conduct a "psychiatric or psychological examination of the defendant," or "[o]rder the defendant to be committed for the purpose of an examination" to a state mental hospital or other designated facility. If a court orders a community mental health consultation, the program director or their designee must provide the court with "a copy of the findings resulting from the consultation." ORS 161.365(1). If the court orders a psychological or psychiatric evaluation, the certified evaluator must prepare a report that contains certain information, *see* ORS 161.365(2), and that report must be filed with the court, *see* ORS 161.365(5). Among the required information is the certified evaluator's opinion on whether a defendant is incapacitated as described by ORS 161.360. ORS 161.365(2)(c).

ORS 161.370 describes the proceedings that follow the consultation and examination outlined in ORS 161.365. If neither party contests a report's conclusions under ORS 161.365, the court can determine a defendant's fitness to proceed on the basis of the report. ORS 161.370(1). If either party contests the findings, then the court must hold a hearing on the issue. *Id.* If the court concludes that a defendant lacks fitness to proceed, then the criminal proceeding against them must be suspended and the court must determine how best to proceed. ORS 161.370(2). In deciding how best to proceed, if the court concludes that a defendant is dangerous to themselves or others as a result of a qualifying mental disorder, or that, "based on the findings resulting from the consultation described in ORS 161.365(1)," the

services necessary to restore a defendant's fitness are not available in the community, then the court must commit a defendant to the Oregon State Hospital or other qualifying facility. ORS 161.370(2)(a). Alternatively, if the court does not make those conclusions, or if the court determines that "care other than commitment for incapacity to stand trial would better serve the defendant and the community," then the court must "release the defendant on supervision for as long as the unfitness endures." ORS 161.370(2)(b).

　　　To summarize, with respect to a community mental health consultation:

- A court must order a community mental health consultation if the court has reason to doubt the defendant's fitness to proceed by reason of incapacity;

- The person conducting that consultation must provide findings to the court; and

- Those findings will be used by the court only if the court first concludes that a defendant lacks fitness to proceed.

In contrast, with respect to a psychiatric or psychological evaluation:

- The court may order a psychiatric or psychological evaluation by a certified evaluator;

- The certified evaluator must prepare a report that includes specific information and an opinion as to whether the defendant is incapacitated; and

- The court uses that report to assist in its determination of a defendant's fitness to proceed.

　　　With that legal framework in mind, we turn to the facts giving rise to this appeal.

　　　After defendant was arrested, and before trial, his defense counsel told the court during a status hearing that defendant might have an "aid-and-assist issue." Defense counsel explained that he had already contacted a few providers to request a psychological examination for defendant, but that there was no availability to schedule the examination for another three weeks. The trial court scheduled another status hearing for the parties to address defendant's aid-and-assist issue.

At a subsequent status hearing, defense counsel told the court that defendant had completed a psychological examination with Dr. Stoltzfus, a licensed clinical psychologist. Defense counsel explained that, based on the examination, Stoltzfus had recommended that the court find defendant unable to aid and assist. The state informed the court that it had reviewed Stoltzfus's report but was not ready to stipulate to defendant's unfitness to proceed. Thus, consistent with the process set out in ORS 161.370, the court scheduled a hearing on defendant's fitness to proceed.

At that hearing, the court received Stoltzfus's report into evidence. In that report, Stoltzfus diagnosed defendant with "Delusional Disorder," but explained that defendant's "psychiatric impairment d[id] not appear to meet the criteria for Schizophrenia." Stoltzfus concluded that defendant "does qualify for a mental disorder, the extent to which is difficult to determine." Although Stoltzfus concluded that defendant "underst[ood] the nature and participants of courtroom proceedings," Stoltzfus also determined that defendant did "not appear capable of assisting or cooperating with counsel, or of participating in his own defense, because of underlying delusional thought patterns and because he refuses to cooperate." Thus, Stoltzfus recommended in his report that the court find defendant unfit to proceed and further recommended that defendant receive "hospital level of care." Stoltzfus also testified that he believed that defendant needed further evaluation at the Oregon State Hospital to determine whether defendant had schizophrenia:

> "Typically, [OSH] is somehow able to access all the medical records on a case. If there are none out there, which actually [defendant] says there aren't, then it's kind of a moot issue. But if they're able—if there are more records out there, then either the folks from the State Hospital or myself really need those in order to—to move away from the diagnosis of merely a delusional disorder into a full-blown schizophrenic disorder."

The court also heard a report, through defense counsel, that defendant's mother had stated that defendant had been diagnosed with schizophrenia and had suffered from the condition for most of his life.

Notwithstanding the fact that the hearing was designed to be a contested fitness to proceed hearing under ORS 161.370, during the hearing, defense counsel asked the court to order a community mental health consultation under ORS 161.365(1).

In response, the court asked defense counsel to clarify his request because the court had thought that defense counsel was asking for an order under ORS 161.370—which allows a court to order that a defendant engage in mental health treatment to help a defendant who is unfit to proceed regain fitness. In response, defense counsel reiterated that he was seeking an order for defendant to receive a community mental health consultation as an initial step toward obtaining an order declaring defendant unable to aid and assist because, in his view, Stoltzfus had not yet diagnosed defendant with a "qualifying mental disorder" as ORS 161.360(2) requires:

> "[Defense Counsel]: Your Honor—so we ultimately would be seeking [an order under ORS 161.370]. I just believe that the evidence that's going to be made available at this time will not satisfy one of the requirements which is the qualifying mental health disorder piece.
>
> "So I don't believe that there's sufficient evidence at this time to actually seek [an order under ORS 161.370], so I believe [that an order under ORS 161.365] is more appropriate to let us get that community mental health consultation. And then ultimately hopefully have [defendant] transported to the Oregon State Hospital for an evaluation to be completed to then see whether [an order under ORS 161.370] is appropriate at that time."

The court responded, "Well, then, that's kind of a problem, because I think that [ORS 161.365] is for when someone has not been evaluated. He's been evaluated by a qualified mental health professional." Based on its review of Stoltzfus's report, the court agreed with defense counsel that "there doesn't appear to be the proper diagnosis for [an ORS 161.370] order." Because Stoltzfus did not diagnosis defendant with a qualifying mental disorder, the court concluded that "we don't need a hearing to do a Community Restoration order."[2]

---

[2] The parties have not explained why a delusional disorder would not serve as a qualifying mental disorder under ORS 161.360, but that point is undisputed,

The trial court thus denied defense counsel's request for a consultation with a community mental health program director and also denied the request that it understood defense counsel to be making for an order under ORS 161.370:

> "[Court]:   So if we have evidence that there are medical records that need to be accessed, that's one thing. If we just don't know * * * or there may not be, then I don't see * * * the point of sending him to the State Hospital to do an evaluation that will be equally as good as Dr. Stol[tzfus].

> "So the motion for [an ORS 161.370 order] this morning is denied for lack of proper diagnosis from—again, Dr. Stol[tzfus] is a very well qualified mental health provider. So the motion for [an ORS 161.370 order] is denied.

> "I will—maybe we can do a Community Restoration Evaluation, but again, that presupposes he's unable to aid and assist. So at this point the Defense motions for those findings are denied.

> "So, [defense counsel], I just don't know how to make legal findings without proper evaluation. So I guess I just, by default, find that he is able to aid and assist because there's not a proper diagnosis, and this matter should remain on for trial."

On appeal, defendant argues that the trial court erred when it denied his request for a consultation with a community mental health program director under ORS 161.365(1) (2019). In defendant's view, the trial court—if it had reason to doubt defendant's fitness to proceed—was required to order a community mental health consultation. And defendant maintains that the court had ample reason to doubt his fitness, given Stoltzfus's report and testimony, and given reports from defendant's mother that he suffered from schizophrenia. In contrast, the state maintains that the court did not have reason to doubt his fitness because Stoltzfus concluded that defendant did not have a qualifying mental disorder (and thus could not be found to be unfit). We review whether the trial court correctly construed its obligations to order a community mental health consultation

---

so we accept it for purposes of this appeal without expressing any opinion on the issue.

under ORS 161.365(1) for errors of law.[3] *Dayton v. Jordan*, 302 Or App 256, 257, 460 P3d 525, *rev den*, 366 Or 492 (2020). We agree with defendant that the trial court erred in concluding that, because Stoltzfus did not find that defendant had a qualifying mental disorder, the court was not required to order a community mental health consultation. We further conclude, however, that the error was harmless.

The "reason to doubt" a defendant's fitness to proceed standard "is not a bright line test." *State v. Cunningham*, 164 Or App 680, 687-88, 995 P2d 561 (2000). The difficulty in delineating such a line perhaps stems from the broad meaning of the phrase "reason to doubt."[4] *See Kostyshyn v. State*, 51 A3d 416, 420 (Del 2012) (noting that courts have "avoided providing a precise, all encompassing, definition of the circumstances that will create 'a reason to doubt' the defendant's competence" and have instead adopted an open-ended definition of the term that can include reliance on a defendant's behavior, demeanor, and relevant medical opinion). Although not conducive to an exact definition, examining the separate meanings of "reason" and "doubt" nevertheless provides some guidance. "Reason" is defined as "a consideration, motive, or judgment inducing or confirming a belief, influencing the will, or leading to an action or course of action"; "a rational ground or motive[.]" *Webster's Third New Int'l Dictionary* 1891 (unabridged ed 2002). "Doubt" means "to be uncertain or undecided in opinion of or belief"; "to lack confidence in"; "consider unlikely or improbable"; "uncertainty of belief or opinion"; "the subjective state of being uncertain of the truth of a statement or the reality of an event as a result of incomplete knowledge or evidence." *Webster's* at 679.

---

[3] Both parties suggest that our standard of review is for abuse of discretion. While that is the appropriate standard in determining whether the court correctly denied an evaluation by a psychiatrist or psychologist—*see* ORS 161.365(1), providing that the court *may* order an evaluation—whether the court must order a community mental health consultation when it has "reason to doubt" a defendant's fitness presents a question of statutory construction.

[4] The legislative history reveals that the legislature intended to incorporate the Model Penal Code's "reason to doubt" standard. Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 51, 47-48 (July 1970). Unfortunately, the Model Penal Code does not define that phrase or its intended scope.

Considering the separate meanings of "reason" and "doubt" and in the context of ORS 161.365, the phrase "reason to doubt" suggests that there are circumstances that provide the court with rational grounds to be uncertain or undecided as to whether a defendant is fit to proceed by reason of incapacity. The phrase is a broad one and is not dependent upon any particular level of medical, psychological, or other relevant information or evidence.

A diagnosis of a qualifying mental disorder could provide the court with "reason to doubt." That said, and contrary to what the trial court concluded, the inverse is not necessarily true. In other words, there can be reason to doubt—*i.e.*, rational grounds to be uncertain about—a defendant's fitness even if a psychologist has examined them and concluded that, given the available information, the defendant does not have a qualifying diagnosis. The trial court thus erred in concluding that because defendant did not have a qualifying mental condition, it could not order a community mental health consultation under ORS 161.365(1).

The trial court also viewed the community mental health consultation as unnecessary because to order one "presupposes" that defendant was unable to aid and assist. We appreciate that, as ORS 161.370 contemplates, the community mental health consultation findings become relevant only after a court concludes that a defendant has a qualifying mental disorder and lacks fitness to proceed; as described above, in that event, the court must consider the consultation's findings to assess whether services to restore a defendant's fitness are available in the community. But as framed, ORS 161.365(1) mandates a community mental health consultation "when the court has reason to doubt the defendant's fitness to proceed by reason of incapacity"; that mandate is not dependent upon whether a court ultimately finds that a defendant is unable to aid and assist.

That said, for that very reason, the error here is harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (error is harmless if there is little likelihood that the error affected the verdict). Had the court ordered a community mental health consultation, that consultation would have been relevant only if the trial court found that

defendant had a qualifying mental disorder and was unfit to proceed. Here, the court concluded that defendant did not have a qualifying mental disorder and thus declined to find that he was unfit to proceed. Defendant has not challenged that ruling. To the contrary, as emphasized in his reply brief, defendant assigns error only to "the trial court's denial of his 'request for consultation with a community mental-health program.'"[5] He did not additionally or alternatively assign error to the trial court's conclusion under ORS 161.370. Thus, because the community mental health consultation that defendant sought, and the trial court wrongly denied, would only have mattered had the court's ruling under ORS 161.370 been before us, the error is harmless.

Affirmed.

---

[5] For that same reason, we disagree with defendant's contention that we must use the federal harmlessness standard. As framed on appeal, the error is procedural in nature and involves a violation of state statute.