242 April 1, 2026 No. 264

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARASH GOLNIAKAN,
*Defendant-Appellant.*

Washington County Circuit Court
21CR18134; A182830

Brandon M. Thompson, Judge.

Submitted December 4, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for domestic violence offenses committed against his ex-wife. Defendant raises two assignments of error. In his first assignment, defendant argues that the trial court erred when it found that he was fit to proceed to trial. In his second assignment of error, defendant argues that the trial court erred when it allowed him to represent himself at trial. We affirm for the following reasons.

*Fitness to Proceed*. Defendant argues that the trial court violated ORS 161.360(2) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution when it found that he was fit to proceed to trial.

The federal due process clause requires that a criminal defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 US 402, 402, 80 S Ct 788, 4 L Ed 2d 824 (1960). The state statutory standard "has similar requirements to the *Dusky* standard." *State v. Ward*, 295 Or App 636, 642, 437 P3d 298 (2019), *rev'd on other grounds*, 367 Or 188 (2020). Under ORS 161.360(2), "[a] court may find a defendant incapacitated if they have a 'qualifying mental disorder' and the defendant is unable to understand the nature of the proceedings, assist and cooperate with counsel, or participate in their defense." *State v. Heriman*, 331 Or App 477, 478, 546 P3d 305, *rev den*, 372 Or 720 (2024) (quoting ORS 161.360(2)).[1]

"[I]n exercising its ultimate decision-making authority over fitness proceedings, the trial court is the trier of fact, charged with weighing the medical and all other relevant

---

[1] ORS 161.360(2) provides for when a trial court may find a defendant "incapacitated." The parties describe the alleged error as the trial court finding that defendant was "fit to proceed" to trial. We understand this to be because *Dusky* uses the phrase "competency" and ORS 161.360(1) provides that "if a trial court has 'reason to doubt' a defendant's fitness to proceed by reason of incapacity, the court 'may order an examination in the manner provided in ORS 161.365.'" *Heriman*, 331 Or App at 478 (quoting ORS 161.360(2)). Thus, as we have described in our case law, a trial court may find a defendant unfit to proceed to trial by reason of incapacity. Parties and courts commonly refer to those standards using the phrases "fit to proceed" or "competent to stand trial."

evidence, and then coming to a decision." *State v. Simon*, 294 Or App 840, 867, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (internal quotation marks omitted). The trial court "may consider not only the opinions of expert witnesses, but its own observations of the defendant and the defendant's interactions with others during the proceedings." *Id*.

"Our role in reviewing the trial court's decision is not to reweigh [the] evidence or assess whether the evidence supports factual findings different from those made by the trial court." *Id*. We review to determine whether, "viewed in the light most favorable to the trial court's decision," the record supports the trial court's finding that defendant was not incapacitated under ORS 161.360(2). *Id*.

In support of his first assignment of error, defendant argues that the record does not support the trial court's finding that defendant was competent to stand trial. We have reviewed the record and conclude that the record supports the trial court's finding that there was insufficient evidence of a qualifying mental health disorder based on the mental health evaluator's report and testimony. Although the trial court could have weighed the evidence in the record differently, the trial court was not required to credit the evaluator's testimony that defendant was not fit, and instead relied on the evaluator's testimony regarding defendant's mental health to conclude that defendant was not incapacitated because he did not have a qualifying mental disorder.

Thus, the record, viewed in the light most favorable to the trial court's determination, supports the court's finding that defendant was not incapacitated under ORS 161.360(2). The trial court's ruling did not violate the federal due process standard expressed in *Dusky* for the same reason.

*Self-Representation.* A criminal defendant has the right to be represented by counsel under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, and both the state and federal constitutions grant a defendant the right to waive counsel and represent themself *pro se. State v. Hightower*, 361 Or 412, 416-17, 393 P3d 224 (2017) (Article I, section 11);

*Faretta v. California*, 422 US 806, 807, 814, 95 S Ct 2525, 45 L Ed 2d 562 (1975) (Sixth Amendment). Whether a defendant validly waived their right to counsel presents a legal question that we review for error of law. *State v. Guerrero*, 277 Or App 837, 838, 373 P3d 1127 (2016). "Whether there has been an intentional relinquishment or abandonment of a known right or privilege will depend on the particular circumstances of each case," including the defendant's "experience" and "mental capacity." *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992).

Additionally, a trial court has discretion under Article I, section 11, and the Sixth Amendment to deny a defendant's request to represent himself if, among other things, there are serious questions regarding the impact of the defendant's mental illness on their competency to conduct trial proceedings by themselves. *State v. Hayne*, 293 Or App 351, 364-66, 427 P3d 201 (2018), *rev den*, 364 Or 294 (2019) (Article I, section 11); *Indiana v. Edwards*, 554 US 164, 175-78, 128 S Ct 2379, 171 L Ed 2d 345 (2008) (Sixth Amendment). A trial court presented with a request to proceed *pro se* from a defendant who may suffer from mental illness "may take into account whether, as a result of severe mental illness, the defendant lacks the ability to carry out the basic tasks needed to present one's own defense without the help of counsel, and may deny the request if the answer to that question is yes." *State v. Nightingale*, 331 Or App 18, 22, 545 P3d 165 (2024) (internal quotation marks omitted).

Defendant first argues that his waiver of his right to counsel was not knowing and voluntary because defendant did not understand the material risks of self-representation and lacked the competence to represent himself. Defendant also argues that the trial court erred when it allowed defendant to proceed *pro se* because defendant's ability to represent himself was impaired by his mental illness. Specifically, defendant argues that the error of allowing defendant to represent himself "arose anew—and was compounded— each time defendant's actions during trial demonstrated that he was not competent to represent himself." The state argues that defendant's waiver was knowing and voluntary and that the record does not show that any mental illness

was so substantial as to render defendant unable to perform the basic tasks required to represent himself.

We conclude that defendant validly waived his right to counsel. After defendant asked to represent himself pretrial, the court conducted a thorough colloquy with defendant, including providing defendant with a waiver of counsel form and reading the form to defendant. Defendant responded appropriately to the court's questions regarding his desire to represent himself and the risks of doing so. The court read the waiver form to defendant in English, and defendant said that he understood it and that he wanted to waive his right to counsel and proceed *pro se*. He signed the form in open court. Thus, the record reflects a knowing and intelligent waiver. *See Nightingale*, 331 Or App at 21 ("A trial court may determine whether the defendant is aware of their right to counsel and understands the risks associated with waiving that right by making a colloquy in which the judge explains the risks of self-representation to the defendant."). At subsequent proceedings in the case, the court multiple times advised defendant of the benefits of an attorney or a legal advisor and asked defendant if he wanted an attorney or legal advisor, including on the day of trial. Defendant reiterated his desire to proceed *pro se*.

Defendant also argues that the trial court erred both when it allowed defendant to proceed *pro se* after waving his right to counsel and when it failed to intervene and appoint counsel during trial because, in defendant's view, his conduct at trial established that he lacked the capacity to conduct the trial *pro se* under the standards in *Hayne* and *Edwards*. We do not read *Hayne* and *Edwards* to require a trial court to deny a defendant's request to proceed *pro se* at trial or to require a trial court to intervene *sua sponte* at trial to appoint counsel when it appears that a *pro se* defendant who is fit to stand trial may not be competent to conduct trial proceedings by themselves. Even if *Hayne* and *Edwards* require a court to do so, we would review the trial court's decision for an abuse of discretion. *See Hayne*, 293 Or App at 366 ("[A] trial court has the discretion to deny a mentally ill defendant's request for self-representation when the mental illness impairs the defendant's ability to stand trial

without the assistance of counsel * * *."); *see also Hightower*, 361 Or at 421 (explaining that a "trial court's decision in response to a request for self-representation is ordinarily a matter of discretion" when the trial court's decision to grant a request for self-representation does not turn on the trial court's legal conclusions as to the scope of that right). Here, we have reviewed the record and we conclude that the trial court did not abuse its discretion when it permitted defendant to represent himself at trial. Defendant's actions at trial did not require the trial court to conclude that he lacked the capacity to represent himself under *Hayne* or *Edwards*.

Defendant's decision to represent himself may have been unwise, as the trial court told him multiple times, but the trial court did not err in accepting defendant's waiver of his right to counsel and it did not err in permitting defendant to represent himself at trial.

Affirmed.