## Scoville et al. v. Bailey.

April 30, 1948.

Rehearing denied June 25, 1948.

Gus B. Bruner and George E. Reams for appellants.

J. B. Carter and Astor Hogg for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Plaintiffs filed their petition in equity seeking a temporary injunction restraining defendant from obstructing an alley which abuts the adjoining lots of both parties and to recover certain building materials mistakenly placed on defendant's property.

After hearing testimony and viewing the premises, the chancellor overruled plaintiffs' motion for a temporary injunction insofar as it sought to restrain defendant from obstructing the alley, but adjudged that the plaintiffs had the right to remove their building materials and ordered defendant to remove so much of a fence that he had constructed as was on plaintiffs' property. The order was subsequently vacated as to the removal of the fence, since it was shown the fence had been relocated.

Plaintiffs then moved this Court for a temporary injunction. This, likewise, was overruled. The case was then returned to the lower court where plaintiffs filed an amended petition, after which both parties took extensive additional proof. Final judgment was rendered in favor of the defendant and plaintiffs have appealed.

The alley which is the subject matter of this litigation runs parallel to Main Street in Harlan, Kentucky, and extends from Clover Fork River to Clover Street. It is directly behind a number of buildings facing on Main Street. There is considerable testimony to the effect that this is a private alley used only by agreement among the various owners of property abutting it. The plaintiffs are not parties to this agreement so to use the alley since the land they now own recently came into existence through accretions of the Clover Fork River.

Plaintiffs, by amended petition, asserted their right to use this alley by virtue of an agreement made between one T. G. Wright, an owner of land lying along one section of the alley, and M. G. Hignite, the grantor of James Hughes, who was the remote common grantor of both plaintiffs and defendant. By this agreement T. G. Wright purported to convey to M. G. Hignite "the right and privilege to use the alley now owned by the first party (T. G. Wright) extending from Clover Street to property line of second party (M. G. Hignite)

* * *." (Parentheses ours) For consideration "* * * second party also agreed to open a fifteen foot alley abutting alley now owned by the first party * * * and conveys to the first party the right and privilege to use said alley forever. * * * Both parties agree to open and keep open forever the said alley * * * to be used by the first and second parties, their heirs and assigns forever."

The agreement set out above was entered into in 1923. On some date prior to 1921, however, T. G. Wright and his wife conveyed a lot abutting the above-mentioned alley to G. H. Black and wife and E. V. Albert and wife. This deed is referred to as being on record in Harlan County Court Clerk's office in Deed Book 41, page 618. It was not, however, introduced in evidence. E. V. Albert testified, in effect, that T. G. Wright's conveyance embraced that part of the alley abutting the lot. In a subsequent conveyance by the above grantees in 1921, T. G. Wright joined in releasing all of his interest in this property.

It is readily apparent from this state of facts that the agreement between T. G. Wright and the Hignites, on which appellants now seek to rely, failed from its inception since Mr. Wright sought to convey a right which he had previously granted to others. The proposition is so fundamental that it precludes the necessity of citing supporting authorities.

In 1927 the widow of M. G. Hignite conveyed the property now owned by appellants and appellee to James Hughes. This deed is not set out in the record. In 1928 Hughes conveyed a part of this property to appellee, Curtis Bailey, and two others whose interest appellee subsequently acquired. These deeds are included in the record. In them we find a specific conveyance of that part of the alley which abuts the Hignite property. When Hughes conveyed the property now owned by the appellants he made no mention of the alley.

We are unable to ascertain, since the deed from Mrs. Hignite to Hughes is not before us, whether or not Hughes had the right to convey a part of the alley to appellee. She could have granted him this right in her

conveyance since, as we have decided, the agreement between the Hignites and the Wrights was of no effect.

Appellants' contention that the alley is a public one is without merit and they practically abandon this theory on appeal. Nor is this a case where an easement of necessity may be implied. Appellants admit that they have access to their property along its east line.

We conclude, therefore, that the judgment of the chancellor should be and it is affirmed.