**Michael D. GOSNEY; Donna R. Gosney, Appellants,**

v.

**Donald GLENN; Angela Glenn; Rich Glenn, Appellees.**

Nos. 2004–CA–000169–MR, 2004–CA–000965–MR.

Court of Appeals of Kentucky.

April 15, 2005.

---

David A. Koenig, Florence, KY, for appellants.

Michael T. Sutton, Edgewood, KY, for appellees.

Before COMBS, Chief Judge; McANULTY, Judge; MILLER, Senior

Judge.[1]

## OPINION

MILLER, Senior Judge.

Michael D. Gosney and Donna Gosney appeal from judgments of the Kenton Circuit Court determining that they do not have the right to use a passageway crossing the appellees' property as an access way to reach their property and awarding damages for their trespass onto the appellees' property. The appellants claim that they are entitled to use the passageway on the basis of easement by estoppel; easement by necessity; and on the basis that the passageway is an unabandoned county road. For the reasons stated below, we affirm.

By deed dated May 22, 2001, Appellants Michael and Donna Gosney, husband and wife, acquired a 10.7–acre tract of property located in Morningview, Kentucky. The appellants purchased their 10.7–acre tract from Ernest and Sandra Gosney, Michael's brother and sister-in-law.

Appellees Donald and Angela Glenn, husband and wife, reside at 14471 Stephenson Road, Morningview, Kentucky, on a one-acre tract at the terminus of the paved portion of Stephenson Road. They acquired their one-acre tract by deed dated May 20, 1998, from Donald's parents, Rich Glenn and Esther Glenn. Donald and Angela also own an adjacent unimproved 7.9–acre tract acquired from Rich and Esther Glenn by deed dated June 18, 1998. This property is to the north and west of Donald and Angela's one-acre tract.

Rich Glenn and Esther Glenn were the owners of, and resided on, a 20.484–acre tract acquired by deed dated September 1, 1967. This tract was the source of Donald and Angela's one-acre tract. Esther Glenn died prior to the filing of this action; Rich Glenn, who was a party to the circuit court proceedings and is named as an appellee in the present appeal, died on November 1, 2003, after the filing of this action.

The Gosneys contend that they are entitled to traverse a passageway running across the Glenn property in order to reach their ten-acre tract to the north. The disputed portion of the passageway begins at the end of the paved portion of Stephenson Road at the junction of the two Glenn tracts. The paved portion of Stephenson Road runs to the northwest and terminates at the southwest boundary of Michael and Donna's one-acre tract. It is undisputed that this portion of the access way is a county road maintained by the Kenton County Road Department. At the conclusion of the paved portion of Stephenson Road, the passageway runs toward the northeast for approximately 280 feet to an old gate (referred to in the record as "the first gate") at a common corner of the two Donald and Angela Glenn tracts and the Rich Glenn tract.

After the first gate, the passageway turns back to the northwest for a distance, and then to the north. There is a discernable passageway beyond the first gate, which serves as the boundary between the Donald and Angela Glenn 7.876–acre tract and the Rich Glenn tract for approximately 831.17 feet. The Gosney tract is accessible from the south by this passageway.

According to the Gosneys, Michael first began traveling to the 10.7–acre tract in contemplation of purchasing it in early 1998. Michael testified that beginning at

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110.(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

that time he would access the 10.7–acre tract by the disputed passageway. Michael testified that he believed he had a right to use the passageway because Rich Glenn had indicated to him that the passageway was the right-of-way of Old Stephenson Road, which Michael interpreted to mean that the general public had a right to use the passageway. Gosney testified that in the following years he accessed the property by this route on a regular basis and made clear to the appellees that it was his intent to buy the property and construct a residence thereon.

In December 2001, after the Gosneys had purchased their tract and had commenced improvements to the passageway, Donald and Angela sent a letter to the Gosneys advising them that they could no longer travel on the disputed passageway, and informing them that any such use of the passageway would be considered as a trespass. It appears, however, that the Gosneys continued to make use of the passageway, and, further, commenced making improvements to it.

On July 25, 2002; Donald, Angela, and Rich Glenn filed a complaint in Kenton Circuit Court seeking to enjoin the Gosneys from using the passageway and seeking damages for their alleged trespass.

The Gosneys filed their answer and counterclaim which, as amended, alleged that the passageway is a county road or, alternatively, that they were lawfully entitled to use the passageway based upon prescriptive easement, easement by necessity, and easement by estoppel.

Following a bench trial, on August 14, 2003, the trial court rendered its Findings of Fact, Conclusions of Law, and Judgment. The trial court determined that the passageway was not a county road, and that the Gosneys did not have a right to traverse the passageway based upon easement by necessity, easement by prescrip-

tion, or easement by estoppel. On December 23, 2003, the trial court entered an order making its August 14, 2003, order final and appealable. The Gosneys subsequently filed an appeal of the December 23, 2003, order (Appeal 2004–CA–000169–MR). Following a hearing concerning damages as a result of the Gosneys' trespass onto the passageway, on April 13, 2004, the trial court entered an order awarding the Glenns total damages of $2,020.00. The Gosneys subsequently appealed the order setting damages (Appeal 2004–CA–000965–MR).

First, the Gosneys contend that the trial court erred by failing to find an easement by estoppel across the passageway in their favor.

We begin by noting that this case was tried by the circuit court sitting without a jury. It is before this Court upon the trial court's findings of fact and conclusions of law and upon the record made in the trial court. Accordingly, appellate review of the trial court's findings of fact is governed by the rule that such findings shall not be set aside unless clearly erroneous. A factual finding is not clearly erroneous if it is supported by substantial evidence. *Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998); *Uninsured Employers' Fund v. Garland,* 805 S.W.2d 116, 117 (Ky.1991). Substantial evidence is evidence, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Golightly,* 976 S.W.2d at 414; *Sherfey v. Sherfey,* 74 S.W.3d 777, 782 (Ky.App.2002). Ky. R. Civ. P. (CR) 52.01; *Largent v. Largent,* 643 S.W.2d 261 (Ky.1982). The trial court's conclusions of law, however, are subject to independent de novo appellate determination. *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.,*

998 S.W.2d 505, 509 (Ky.App.1999); *Morganfield National Bank v. Damien Elder & Sons*, 836 S.W.2d 893 (Ky.1992).

■ Generally, an easement may be created by express written grant, implication, prescription or estoppel. *Loid v. Kell*, 844 S.W.2d 428, 429 (Ky.App.1992)(citing *Grinestaff v. Grinestaff*, 318 S.W.2d 881, 884 (Ky.1958) and *Holbrook v. Taylor*, 532 S.W.2d 763, 764 (Ky.1976)). Easements are not favored, and the party claiming the right to an easement bears the burden of establishing all the requirements for recognizing the easement. *Carroll v. Meredith*, 59 S.W.3d 484, 489–490 (Ky.App.2001).

■ An easement by estoppel concerns prohibiting a party from denying the existence of a right to use property, i.e., a license, based on justifiable reliance that the license will continue. The reliance derives from conduct by the licensor and typically also includes actions by the licensee such as the making of improvements based on that reliance. *Cole v. Gilvin*, 59 S.W.3d 468, 477–478 (Ky.App.2001).

■ An easement by estoppel is based upon the principles of equitable estoppel. *Smith v. Howard*, 407 S.W.2d 139, 143 (Ky.1966). The essential elements of equitable estoppel are:

(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.

*Id.*

■ The Gosneys allege an easement by estoppel based upon the following factors: the Gosneys accessed the 10.7–acre tract over the disputed passageway and the Glenns were aware of this access; the Gosneys told the Glenns that they intended to purchase the property; various statements were made by Rich Glenn concerning access to the land; the existence of a right-of-way by prescription in the deed to the Glenns' one-acre tract; the Gosneys having spent approximately $22,021.60 to acquire and improve their tract; and because the Glenns stood by while the Gosneys acted in reliance on their belief that they would be entitled to access their tract through the disputed passageway.

The trial court made the following finding relative to the Gosneys' claim of easement by estoppel:

Based on the testimony from the parties, the Court finds [that the] Gosneys' purchase of [their] property and actions in clearing and fencing [their] ten (10) acre property were not in reliance on statements made by [Donald] Glenn or Rich Glenn that right-of-way, passageway, or access to Gosneys' property was available through the Glenn properties.

Testimony was presented at trial supporting the trial court's finding. The Glenns presented testimony that the Gosneys merely had permission to occasionally access the land through the disputed passageway; that Donald Glenn never had knowledge of the Gosneys' intention to access their tract primarily through the disputed tract; that the Gosneys never communicated to either Rich Glenn or Donald

Glenn their intention of making the disputed passageway the primary means of access to their tract; and that the only actions by the Gosneys to improve the passageway were to lay a small amount of gravel, trim some trees, and tear down an existing gate.

The trial court's finding that the Gosneys did not purchase their tract or undertake other activities on their property in reliance upon statements or actions by the Glenns is supported by substantial evidence. Moreover, we note that the Glenns were not in unique control of the relevant facts concerning the passageway, and the Gosneys had the means, through appropriate inquiry and investigation, of ascertaining the correct facts concerning the passageway. The trial court did not err in its finding that the Gosneys did not have a right to traverse the passageway based upon an easement by estoppel.

■ Next, the Gosneys contend that the trial court erred by failing to find an easement by necessity across the passageway in their favor.

■ An easement by necessity is based primarily on the policy favoring beneficial use of property. *Carroll,* 59 S.W.3d at 491 (citing *Warfield v. Basich,* 161 Cal. App.2d 493, 498, 326 P.2d 942 (1958)). Unlike a quasi-easement involving prior use, an easement by necessity exists in favor of the dominant estate whether it is used or not, so long as it is necessary for access. *Id.*

■ The three prerequisites to creation of an easement or way of necessity are (1) unity of ownership of the dominant and servient estates; (2) severance of the unity of title by a conveyance of one of the tracts; and (3) necessity of the use of the servient estate at the time of the division and ownership to provide access to the dominant estate. *Id.* (citing 28A C.J.S.

*Easements* § 93 (1996 and Supp.2001); *Tobias v. Dailey,* 196 Ariz. 418, 998 P.2d 1091 (2000); *Graff v. Scanlan,* 673 A.2d 1028 (Pa.Cmwlth.1996); *Albert G. Hoyem Trust v. Galt,* 292 Mont. 56, 61, 968 P.2d 1135, 1138 (1998); and *Thompson v. Whinnery,* 895 P.2d 537, 540 (Colo.1995))

■ Necessity of access is the primary factor for the existence of an easement by necessity. *Id.* Indeed, a requirement of "strict" necessity has traditionally applied to easements or ways of necessity. *Id.* (citing *Marrs v. Ratliff,* 278 Ky. 164, 128 S.W.2d 604, 609 (1939)(way of necessity involves "strict necessity; mere convenience will not do") and Kentucky Revised Statutes (KRS) 416.350, which creates a private right of eminent domain to acquire a right-of-way for landlocked property).

■ An easement by necessity generally will not be implied if the claimant has another means of access to a public road from his land however inconvenient. *Id.* (citing *Standard Elkhorn Coal Co. v. Moore,* 217 Ky. 317, 289 S.W. 261 (1926); Michael A. DiSabatino, J.D., Annotation, *Way of Necessity Over Anothers Land, Where a Means of Access Does Exist,* 10 A.L.R.4th 447 (1981); and *Scoville v. Bailey,* 307 Ky. 719, 211 S.W.2d 816 (1948)).

In addition, courts applying the strict necessity standard have rejected the creation of an easement by necessity to a portion of a claimant's property where any part of the property abuts or has direct access to a public road. *Id.* (citing *Phillippi v. Knotter,* 2000 Pa.Super. 71, 748 A.2d 757 (2000); *McConnell v. Satterfield,* 576 N.E.2d 1300 (Ind.Ct.App.1991); *Canei v. Culley,* 179 W.Va. 797, 374 S.E.2d 523 (1988); *Burling v. Leiter,* 272 Mich. 448, 262 N.W. 388 (1935); *Gowan v. Crawford,* 599 So.2d 619 (Ala.1992); *Miskoff v. Cross Fox Condominium Ass'n,* 460 So.2d 987 (Fla.Dist.Ct.App.1984); and *Marrs, supra.*

*But see Black v. Van Steenwyk,* 333 Ark. 629, 970 S.W.2d 280 (1998)(finding quasi-easement to portion of property under reasonable necessity standard); *Liles v. Wedding,* 84 Or.App. 350, 733 P.2d 952 (1987); and *Beeson v. Phillips,* 41 Wash.App. 183, 702 P.2d 1244 (1985)(finding easement under state private condemnation statute applying reasonable necessity standard)).

■ A party seeking an implied easement has the burden of proving the existence of the easement by clear and convincing evidence. *Id.* at 491–92, (citing *Griffeth v. Eid,* 1998 N.D. 38, 573 N.W.2d 829 (1998) and *Roberts v. Smith,* 41 Wash. App. 861, 707 P.2d 143 (1985)).

In its findings of fact and conclusions of law the trial court made a finding that

Gosney has other means of access to his property. Gosney purchased the back ten (10) acre parcel of his brother's property and could access a public road through his brother's remaining property.

Evidence presented at trial disclosed that the Gosneys purchased their tract from Michael's brother, Ernie Gosney. Gosney testified that, with his brother's permission, he had bulldozed a passageway across his brother's property to his tract so as to create an access way to Kentucky Highway 17.

While the Gosneys argue that the passageway across Ernie's land permits access to their tract only by tractor or four-wheeler, nevertheless, it was the Gosneys' burden to establish by clear and convincing evidence that there was no other access way other than the disputed passageway. By Michael's own testimony, there is another access way to his property. We accordingly conclude that the trial court's finding was not clearly erroneous under the clear and convincing evidence standard.

■ Finally, the Gosneys contend that the trial court erred by failing to find that the disputed passageway is a county road.

In support of their position that the disputed passageway is a county road, the Gosneys cite us to a map titled "Map of Kenton County, Kentucky, made for and accepted by the Fiscal Court A.D. 1914. . . ." The trial court made the following findings of fact relevant to this issue:

12. James Bertram, a surveyor hired by Gosney to prepare a boundary survey of the Gosney property, testified that while the 1914 Map of Kenton County, Kentucky, did show Stephenson Road connecting between Green Road and Bract–Piner Road, this 1914 Map was never adopted or approved by the Kenton County Fiscal Court as an official county road map depicting county roads and rights-of-way in Kenton County.

13. A map, prepared by surveyors Noel Walton and David Walton, based on paved roads and deeds of property in the area, depicted and showed Stephenson Road ending at Frank Rust's property and not connecting through from Bract–Piner Road to Green Road.

14. William Deupree, III, Esq., a real estate attorney who performed a title examination for the Gosneys in the Kenton County Real Estate Records at Independence, Kentucky relating to the property owned by the Glenns and Gosneys, found isolated calls and references to Stephenson Road in various deeds but did not find any written offer or acceptance of Stephenson Road in any instrument recorded in the Kenton County Real Estate Records. Deupree found no easement, right-of-way or passway in the Gosneys' chain of title granting a right-of-way, passage or passway through the Glenn properties to "Old Stephenson Road." Likewise, Mr. Deupree did not find an easement, right-of-

way, or passway in the Glenns' chain of title, granting a right-of-way, or access through the Glenn properties from Stephenson Road to "Old Stephenson Road."

15. Both James Bertram and William Deupree, III, Esq. concluded that the 1914 Map of Kenton County, Kentucky was never adopted by the Kenton Fiscal Court nor did they find any of the official Kenton County Fiscal Court minutes that the 1914 Map of Kenton County, Kentucky, was adopted as or ordered to be the official county road map depicting and showing the county roads in Kenton County, Kentucky in the year 1914.

16. William Deupree, III, did find that the 1971 Kenton County Road Series Map and the 1990 Kenton County Road Series Map had been formally adopted by the Kenton County fiscal Court to be the official county road map depicting the county roads in Kenton County Kentucky in the year 1971 and in the year 1990. Deupree found that neither the 1971 and 1990 Road Series Maps depicted Stephenson Road right-of-way as one continuous right-of-way through from Bract–Piner Road to Green Road. Deupree found that both the 1971 and the 1990 County Road Series Maps showed Stephenson Road ending where the pavement ends at the Glenn property.

The current version of KRS 178.010(1)(b) defines "county roads" as "public roads which have been formally accepted by the fiscal court of the county as a part of the county road system, . . . ." The version of the provision during the trial proceedings defined a county road as a public road which has "been accepted by the fiscal court of the county as a part of the county road system after July 1, 1914. . . ."

Under either version of the statute, the road must have been accepted by the fiscal court. Evidence of such acceptance has not been produced by the appellants and, to the contrary, the trial evidence indicated that there had been no such acceptance. As such, the trial court's finding that the disputed passageway is not a county road was not clearly erroneous.

Finally, the Gosneys raise the issue that if they are successful in this appeal and are determined to have a right to traverse the passageway, then the Glenns are not entitled to damages for trespass. However, as we have determined that the trial court did not err in its determination that the Gosneys do not have such a right, this issue is moot.

For the foregoing reasons the judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.