RENDERED: MARCH 18, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0373-MR

GARY R. PLACEK                                           APPELLANT

                     APPEAL FROM HART CIRCUIT COURT
v.                HONORABLE CHARLES C. SIMMS, III, JUDGE
                           ACTION NO. 16-CI-00209

JOHN ELMORE; GIBCO FUEL, LLC;
AND GIBCO MOTOR EXPRESS                             APPELLEES

OPINION
AFFRIMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE: Appellant Gary R. Placek appeals from a judgment of the Hart

Circuit Court granting summary judgment and dismissing his claims for personal

injury from an automobile accident as time-barred. We affirm.

On April 23, 2012, Placek traveled in his motorhome on I-65 in Hart

County when a tractor/semi-trailer operated by Appellee John Elmore and owned

by Appellee Gibco Motor Express collided with Placek from behind. Placek was taken to Caverna Memorial Hospital and subsequently filed a claim with Progressive Insurance for personal injury payments (PIP), also known as basic reparation benefits (BRB). Progressive made the first payment for Placek's medical treatment on May 17, 2012. Placek continued to receive BRB payments until his $10,000.00 in BRB was exhausted on September 5, 2012. Thereafter, Progressive paid Placek's medical expenses under his medical payment (Med Pay) coverage, also $10,000.00. Progressive made its last Med Pay payment on October 14, 2014.

Placek filed this action in the Hart Circuit Court on October 13, 2016, seeking compensation for damages related to the collision. The Appellees filed their motion for summary judgment on January 14, 2020, arguing that Placek's claim was barred because it was filed outside the applicable statute of limitations period. The circuit court granted the motion on February 2, 2021. This appeal follows.

Summary judgment is proper where there exists no material issue of fact, and the movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). In Kentucky, the movant must prove that no genuine issue of material fact exists and "should not succeed unless his right to judgment is shown with such clarity that there is no

-2-

room left for controversy." *Id.* at 482. On appeal, the standard of review that we utilize is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Thus, questions of law are reviewed *de novo* on appeal. *Gosney v. Glenn*, 163 S.W.3d 894 (Ky. App. 2005).

The Hart Circuit Court granted the Appellees' motion for summary judgment because Placek failed to file his complaint within the two-year limitations period prescribed. The applicable statute of limitations, Kentucky Revised Statutes (KRS) 304.39-230(6), states that "[a]n action for tort liability . . . may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

Placek maintains that the lawsuit was timely filed within the two-year period on October 13, 2016, as the last Med Pay payment was made on October 14, 2014. However, the Appellees contend that Placek's suit is untimely because it was not filed within two years after the last BRB payment made on September 5, 2012, as Med Pay is not a BRB or added reparation benefits (ARB) payment, which tolls the statute of limitations. The circuit court agreed with the Appellees

-3-

that the suit was untimely as it was filed more than four years after the last BRB payment.

Placek contends that Med Pay satisfies the KRS 304.39-020(1) definition of "added reparation benefits" and thus tolls the two-year statute of limitations.[1]  However, the Appellees correctly point out that the Kentucky Supreme Court has remained steadfast in its position that Med Pay coverage is not equivalent to basic or added reparation benefits and, therefore, does not toll the statute of limitations.  *Lawson v. Helton Sanitation, Inc.*, 34 S.W.3d 52 (Ky. 2000), *as amended* (Feb. 1, 2001).

In *Lawson*, the injured party filed the lawsuit more than two years after the last BRB payment, but within two years after the last Med Pay payment. Lawson argued that Med Pay payments were BRB or ARB payments because the payments were "indistinguishable."  *Id.* at 58.  Therefore, Lawson maintained that the Med Pay payments tolled the filing period.  The Supreme Court disagreed and firmly held that the tort action was not filed within two years after the last basic or added reparation payment and the tort action against appellee was barred by statute of limitations.  *Id.* at 61.  Thus, the Supreme Court unequivocally held that Med Pay payments are not equivalent to BRB or ARB payments and do not toll the statute of limitations.

[1] KRS 304.39-230(6).

While we appreciate Placek's reasoning, we are bound to follow Supreme Court precedent such as *Lawson*. Kentucky Rules of the Supreme Court (SCR) 1.030(8)(a). Thus, even if we were so inclined, we are without authority to overrule the clear rule set out in *Lawson*.

Accordingly, we affirm the order of summary judgment of the Hart Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevan Morgan
Georgetown, Kentucky

BRIEF FOR APPELLEES:

Daniel E. Murner
Elizabeth Winchell
Lexington, Kentucky